IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUNDAY IGHAGBON, | § | |
| A-29301764, | § | |
|     Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-11-1763 |
| | § | |
| TERRY MANUEL, | § | |
|     Respondent. | § | |

OPINION ON DISMISSAL

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed on May 9, 2011, by petitioner Sunday Ighagbon, through counsel. (Docket Entry No.1). Petitioner is currently detained by the Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") in the Houston Service Processing Center, awaiting removal to Nigeria.

For the reasons to follow, the Court will dismiss the petition.

STATEMENT OF THE CASE

Petitioner alleges the following: On July 22, 1991, petitioner entered the United States and sought asylum. (Docket Entry No.2). After a hearing on the merits in 1994, an Immigration Judge denied petitioner's asylum request. (*Id.*). The Board of Immigrations Appeal denied his appeal on November 21, 2000. (*Id.*). On March 24, 2011, petitioner was detained by Immigration and Customs Enforcement officers. Petitioner learned of the denial of his appeal and filed a Motion to Reopen and a Motion to Stay Deportation. (*Id.*). On April 24, 2011, petitioner learned that his removal was imminent. (*Id.*). Respondent informed petitioner that his removal was scheduled for May 10, 2011, and will be effectuated "one way or another." Petitioner

1

fears that he will be "forcibly deported with bodily injuries or will be sedated to effectuate his deportation." (*Id*., page 3). On May 2, 2011, the Immigration Judge denied petitioner's Motion to Reopen. (*Id.*).

Petitioner requests the Court to assume jurisdiction of his case on grounds that the premature denial of petitioner's Motion to Reopen and the accelerated deportation process are due process violations. (*Id.*). Petitioner further challenges the means by which his deportation may be effectuated as cruel and unusual punishment in violation of the Eighth Amendment. (*Id.*).

ANALYSIS

Petitioner's claims are governed by the REAL ID Act, Pub.L. No. 109-13, 119, Stat. 231, (codified at, *inter alia*, 8 U.S.C. § 1252), which divests all district courts of jurisdiction over challenges to final orders of removal. *See Hernandez-Castillo v. Moore*, 436 F.3d 516, 518 (5th Cir. 2006); *Ramirez-Molina v. Ziglar*, 436 F.3d 508, 512 (5th Cir. 2006); *Rosales v. Bureau of Immigration & Customs Enforcement*, 426 F.3d 733, 736 (5th Cir. 2005). Section 1252(a)(5), by its express terms, applies "[n]otwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28...." 8 U.S.C. § 1252(a)(5). A subsequent paragraph of § 1252 provides that no court may "enter declaratory, injunctive, or other equitable relief in any action pertaining to an order to exclude an alien in accordance with section 1225(b)(1) of this title...." *Id.* § 1252(e)(1)(A).

The REAL ID Act does not preclude habeas review over challenges to detention that are independent of challenges to removal orders. Petitioner, however, does not frame his argument as a challenge to his detention, and the facts of this case do not reflect an independent challenge to his continued detention pursuant to 8 U.S.C. § 1231(a)(3) or *Zadvydas v. Davis*, 533 U.S. 678 (2001).

2

Finally, since this petition was filed after the enactment of the REAL ID Act of 2005, the transfer provision found in § 106(c) of the REAL ID Act is not applicable to this case. REAL ID Act § 106(c), Pub. L. No. 109-13, 119 Stat. at 311.

## CONCLUSION

For the foregoing reasons, it is

ORDERED that petitioner Sunday Ighagbon's Emergency Petition for Writ of Habeas Corpus (Document No. 1) is DISMISSED for lack of jurisdiction, without prejudice to Petitioner seeking relief in the appropriate court of appeals. All other pending motions, if any, are DENIED.

The Clerk will enter this Order and provide a correct copy to all counsel of record.

SIGNED at Houston, Texas, this 11th day of May, 2011.

                                          MELINDA HARMON
                                   UNITED STATES DISTRICT JUDGE